IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00490-PAB-KMT

ELEVATION BUILDERS, INC.,

    Plaintiff,

v.

COMPANION SPECIALTY INSURANCE COMPANY,

    Defendant.

## ORDER

    This matter is before the Court on the Motion for Remand [Docket No. 14] filed by plaintiff Elevation Builders, Inc.

    On February 6, 2015, plaintiff filed this case in the District Court for the City and County of Denver, Colorado. Docket No. 3 at 2. Plaintiff brings claims against defendant Companion Specialty Insurance Company for breach of contract, bad faith breach of an insurance contract, violations of Colo. Rev. Stat. §§ 10-3-1115(1)(a) and 10-3-1116, and declaratory judgment pursuant to Colorado's Declaratory Judgment Relief Act, Colo. Rev. Stat. § 13-51-106. *Id.* at 3-7, ¶¶ 14-42. On March 9, 2015, defendant removed the case to this Court, claiming that the Court has subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Docket No. 1.

    In the present motion, plaintiff requests that the Court remand the case because defendant has waived its right to removal based on the insurance policy's "service of suit endorsement." Docket No. 14 at 1-2. Defendant opposes plaintiff's motion.

Docket No. 17.

## I. ANALYSIS

### A.  Service of Suit Endorsement

Because the right to remove is a statutory right, 28 U.S.C. § 1441, a party's waiver of its ability to remove a case from state to federal court must be "clear and unequivocal."  *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) (quoting *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990)); *see also Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001) ("[A] waiver of [defendant's] removal rights does not have to include explicit words, such as 'waiver of right of removal.'").

Plaintiff contends that the "service of suit endorsement" forecloses removal by defendant.  The first paragraph states:

> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company, at the request of the insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America or Canada where the Company is incorporated or maintains a principal place of business, where the Named Insured is incorporated or maintains a principal place of business or where the cause of action arises.

Docket No. 14-1 at 42.

Under Colorado law, ordinary principles of contract interpretation apply to the interpretation of insurance policies.  *See, e.g.*, *DISH Network Corp. v. Arch Specialty Ins. Co.*, 659 F.3d 1010, 1016 (10th Cir. 2011) (citing *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003) (en banc)); *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 819-20 (Colo. 2004).  A court must give the

words of the policy their "plain and ordinary meaning." *Cyprus Amax Minerals*, 74 P.3d at 299.

As a general matter, the first paragraph of the service of suit endorsement grants a benefit or concession to the insured: if the insurance company fails to pay a claim, the insurance company will submit to the jurisdiction of various courts in which the insured may file suit. The language does not identify one court where the insured must file a lawsuit. Rather, the language indicates that the insurance company will submit to several alternatives: (a) where the insurance company is incorporated or has its principal place of business; (b) where the named insured is incorporated or has its principal place of business; or (c) where the cause of action arose. The language of the first paragraph states that the insurer will submit to a "court"; it does not state that the insurer will submit to being sued in a given state or in courts of a given state. In fact, the language goes one step further by indicating that the insurer "will submit to the jurisdiction of any court of competent jurisdiction" that meets the three qualifications noted above.

One question that arises is what the term "will submit" means. Given that the context of the paragraph is to grant the insured a benefit or concession, the plain meaning of the term "submit" appears to be "to yield oneself to the authority or will of another" or "to permit oneself to be subjected to something." *Submit*, Merriam-Webster's Dictionary Online, http://www.merriam-webster.com/dictionary/submit (last visited July 6, 2015). Moreover, the insurer agrees that it "will" submit as opposed to agreeing that it "may" submit. Thus, based on this interpretation of "submit," the language of the first paragraph contains an agreement by the insurer that the insured's

3

choice of court will resolve the failure to pay dispute.

This interpretation of the first paragraph is strengthened by language in the second paragraph, wherein the insurer agrees that, "in any suit instituted against the Company upon this policy, the Company will abide by the final decision of such Court or by the final decision of the Appellate Court in the event of any appeal." Docket No. 14-1 at 42. The term "such Court" refers back to "any court" in the first paragraph, i.e. the court chosen by the insured. Not only is this language consistent with the insurer's agreement to submit to the jurisdiction of plaintiff's choice of court, but it is a further agreement to abide by the decision of such court (or the appropriate appellate court).

Neither the first nor second paragraph mentions the insurer's right to remove a case to federal court. However, given the plain meaning of the first and second paragraphs, the Court finds that the defendant has impliedly waived its statutory right of removal. *See City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 15 (5th Cir. 1991) (quoting *Perini v. Orion Ins. Co.*, 331 F. Supp. 453, 455 (E.D. Cal. 1971)) ("[T]he parties are entitled to expect that the clause now means what it has always meant-that 'submission' to a state tribunal precludes removal to a federal court."). More particularly, defendant agreed to submit to the jurisdiction of a specific court, namely, the one that the insured filed suit in. Any interpretation of the first paragraph that allowed removal would render the language of the second paragraph quoted above meaningless, with defendant merely agreeing to abide by the final decision of the court of its choice. *See Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217 (3d Cir. 1991) (agreeing to abide by the decision of "such court" binds defendant to the specific *court* chosen by plaintiff, not merely the forum state). "Such court" can only properly refer

back to the specific court initially chosen by plaintiff.  Defendant cannot "submit" to the jurisdiction of Denver District Court by removing the dispute to a different court.  And defendant is not in a position to abide by a final decision of the Denver District Court by removing the case to a federal court.  As a result, the service of suit endorsement constitutes a clear and unequivocal waiver of defendant's statutory right of removal.

Defendant argues that, because the service of suit clause does not designate one specific forum to the exclusion of all others, the clause is not a mandatory forum selection clause and thus does not effectuate a waiver of the right of removal.  Docket No. 17 at 3-4.  The Court rejects defendant's contention.  First, defendant incorrectly analyzes the clause under case law concerning forum selection clauses.  *See id.*  So-called "service of suit" clauses, in which insurers agree to submit to the court of an insured plaintiff's choosing, are distinct from forum selection clauses, in which parties agree to litigate any disputes in a specific forum.  *See Fleming Bldg. Co. v. Columbia Cas. Co.*, 751 F. Supp. 2d 1218, 1221 n.1 (N.D. Okla. 2010) (distinguishing "service of suit" clauses from forum selection clauses).  In order for a forum selection clause to waive defendant's right to remove, the clause must be "mandatory" rather than "permissive."  *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 498 (10th Cir. 2002) (quoting *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997)).  Defendant cites no cases, and the Court is aware of none, that hold the waiver effect of a service of suit clause hinges on the same mandatory/permissive distinction.  Second, even if the Court agreed that the "service of suit endorsement" should be interpreted as a forum selection clause, the

clause is mandatory because it uses the word "will."  *See Milk 'N' More*, 963 F.2d at 1346 ("[U]se of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made."); *see also Hewitt v. Helms*, 459 U.S. 460, 471 (1983) (recognizing that the word "will," like "shall" and "must," is "of an unmistakably mandatory character"), *vacated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).[1]

Although cases that have addressed clauses similar to this one have noted additional language where the insurer agrees to "comply with all requirements necessary to give such court jurisdiction," *see Foster*, 933 F.2d at 1216, the absence of such language here does not change the Court's analysis.  For reasons explained above, the "service of suit endorsement" gives plaintiff the unilateral right to select the forum.  The absence of any additional language does not change the fact that defendant agreed to "submit" itself to "any court" chosen by plaintiff and to abide by the final decision of "such court."  *See* Docket No. 14-1 at 42.

Defendant argues that the "service of suit endorsement" only waives its right to challenge personal jurisdiction so long as plaintiff brings suit in one of three agreed-upon states.  Docket No. 17 at 5.  The Court rejects this argument.  The clause makes no mention of personal jurisdiction and the Court will not re-draft the clause to fit

---

[1]Additionally, the weight of authority considers similar language giving the insured unilateral power to "submit [the insurer] to the jurisdiction of any court of competent jurisdiction within the United States and [the insurer] will comply with all requirements necessary to give such court jurisdiction" a clear and unequivocal waiver of removal rights.  *See, e.g., Nutmeg Ins.*, 931 F.2d at 16; *Foster*, 933 F.2d at 1216-17; *Garcia v. Century Surety Co.*, No. 14-cv-3196-RM-MJW, 2015 WL 1598069, at *2 (D. Colo. Apr. 7, 2015); *Fleming Bldg.*, 751 F. Supp. 2d at 1221; *Capital Bank & Trust Co. v. Assoc. Int'l Ins. Co.*, 576 F. Supp. 1522, 1524 (M.D. La. 1984).

defendant's untenable interpretation in the face of such strong language implying waiver.

Defendant contends that the clause effectively reserved removal because the first two proposed forums–the parties' respective states of incorporation and principal place of business–track the language of 28 U.S.C. § 1332(c).  *Id.*  The Court disagrees.  First, as explained above, such reservation is inconsistent with the plain meaning.  Had defendant desired to reserve the right to remove a case to federal court, as the drafter of the endorsement it could have done so with language to that effect.  *See La. Commerce & Trade Ass'n Self Insurers Fund v. Certain Underwriters at Lloyd's London*, 2014 WL 3513396, at *4 (M.D. La. July 15, 2014).  Second, defendant's argument is illogical given that defendant is barred by statute from removing a lawsuit brought against it in its state of incorporation or principal place of business under diversity jurisdiction.  28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties . . . served as defendants is a citizen of the State in which such action is brought.").  The Court finds no reservation of defendant's right of removal.

### B.  Whether Defendant Has Denied Coverage

Defendant argues that, even if the "service of suit endorsement" waives defendant's right to remove, the "service of suit endorsement" is not triggered by defendant's conduct because defendant has not yet denied coverage or refused to make payment for plaintiff's claim.  Docket No. 17 at 7.  The Court disagrees.

Nothing in the language of the "service of suit endorsement" requires that, before

the insured may file suit, the insurer has to deny coverage or refuse to make payments on the insured's claim. Rather, all that is necessary to invoke the "service of suit endorsement" is defendant's "failure . . . to pay any amount claimed to be due[.]" Docket No. 14-1 at 42. Courts faced with similar triggering language have found defendant's nonpayment and allegedly unreasonable delay sufficient to invoke application of the "service of suit" clause. *See Southland Oil Co. v. Mississippi Ins. Guar. Ass'n*, 182 F. App'x 358, 361 (5th Cir. 2006) (unpublished) (faced with substantially identical language, held anticipatory breach of contract claim against defendants that had not yet denied coverage invoked application of "service of suit" clause); *see also Nutmeg Ins.*, 931 F.2d at 14.

Plaintiff's claims for breach of contract, bad faith breach of an insurance contract, and violations of Colo. Rev. Stat. §§ 10-3-1115(1)(a) and 10-3-1116 all directly relate to defendant's alleged unreasonable delay or denial of benefits. Plaintiff claims that, at the time plaintiff filed its complaint, 15 months had passed with little to no progress on plaintiff's insurance claim. Docket No. 3 at 3, ¶¶ 8-11. Plaintiff further alleges that defendant has unreasonably and in bad faith delayed payment of plaintiff's claim. *Id.* at 4-5, ¶ 25. The Court finds that this alleged bad faith delay by defendant constitutes a "failure" within the meaning of the service of suit clause.[2]

### C. Plaintiff's Request for Attorney's Fees and Costs

Plaintiff has asked for attorney's fees in connection with its motion. Docket No.

---

[2]Such interpretation of "failure" is consistent with the purpose of Colo. Rev. Stat. § 10-3-1115 to ensure that insurance companies "[do] not unreasonably delay or deny payment of a claim for benefits owed[.]" C.R.S. § 10-3-1115(1)(a).

14 at 8. This Court has discretion under 28 U.S.C. § 1447(c) to require the defendant, as the removing party, to pay "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard turns on the objective reasonableness of the basis for seeking removal. *See Daleske v. Fairfield Cmtys., Inc.*, 17 F.3d 321, 324 (10th Cir. 1994).

As noted above, the "service of suit endorsement" contains language granting plaintiff the unilateral right to select the forum, thus clearly and unequivocally waiving defendant's removal right. *See Roche Constructors, Inc. v. One Beacon Am. Ins. Co.*, No. 11-cv-01903-PAB-CBS, 2012 WL 1060000, at *5 (D. Colo. Mar. 28, 2012) (removal by party aware of clause giving plaintiff exclusive power to select forum was not objectively reasonable). Defendant offered an interpretation that it only submitted to personal jurisdiction–an interpretation far too attenuated to the text of the parties' agreement to satisfy an objective reasonableness standard. While the cases that consider similar language are not Colorado cases, this alone does not prove reasonableness. *See Fleming Bldg. Co.*, 751 F. Supp. 2d at 1221 (imposing attorney's fees and costs for defendant's removal despite waiver in service of suit clause even though precedent in support of language as clear waiver was outside Tenth Circuit). Additionally, "the decades-long history of the 'submit to service' clause in insurance and reinsurance contracts . . . [shows] that such provisions operate as a waiver of the insurer's right of removal[.]" *Id.* The Court finds that defendant lacked an objectively reasonable basis for removal, and an award of attorney's fees and costs is appropriate.

## II. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff Elevation Builders, Inc.'s Motion for Remand [Docket No. 14] is **GRANTED**. It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1447(c), this case is remanded to the District Court for the City and County of Denver, Colorado where it was filed as Case No. 2015-cv-30433.  It is further

**ORDERED** that, within 14 days of the entry of this order, plaintiff Elevation Builders, Inc. may file a motion for attorney's fees.

DATED July 8, 2015.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge